UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TAMMI DOUGLAS,

        Plaintiff,

  - against -

AMERICAN COLLECTION SYSTEMS, INC.,

        Defendant.
------------------------------------------------------------X

**ORDER**
12-CV-2805 (RRM)(LB)

MAUSKOPF, United States District Judge:

      This action was commenced on May 31, 2012, and an affidavit reflecting proof of service was filed on June 22, 2012.  (Doc. No. 3.)  Defendant has not Answered to date.

      On July 10, 2012, plaintiff requested that the Clerk of Court issue a Certificate of Default noting the defendant's default.  (Doc. No. 4.)  As a courtesy, on July 11, 2012, the Clerk of Court contacted plaintiff's counsel, Adam Hill, regarding the affidavit of service filed in support of the request, noting that it was deficient in that it failed to specify if the individual served is a manager or agent of the corporate defendant.   Mr. Hill advised the Clerk that he would contact the process server.

      On July 19, 2012, Mr. Hill filed a renewed request for Certificate of Default.  (Doc. No. 5.)  In support, Mr. Hill filed his own affidavit that states:  "The individual accepting service on behalf of Defendant, Ladonna Walker, is a manager at Defendant's business and represents herself as being in charge of accepting service of process on behalf of Defendant."  *Id*., at 2, ¶ 4.  Nowhere in Mr. Hill's affidavit does he provide the source for this information.  Nor does he provide any affidavit from the process server.

1

Again, as a courtesy, on July 26, 2012, the Clerk of Court spoke with Mr. Hill noting the deficiencies in his revised request. Mr. Hill, once again, claimed he would contact the process server and file an amended affidavit.

In light of the deficiencies in service, Plaintiff's request for a Certificate of Default based on the affidavit of service filed on June 22, 2012 is hereby DENIED. Should plaintiff wish to continue with this action, plaintiff shall re-serve defendant and file proper proof of service. Plaintiff must re-serve with 120 days from the date of the filing of the complaint – that is, no later than 120 days from May 31, 2012 – and shall file proper proof of service within 10 days of such re-service. Should plaintiff fail to timely re-serve and/or timely file proof of service pursuant to this Order, this action will be dismissed without prejudice.

SO ORDERED.

Dated:  Brooklyn, New York  *Roslynn R. Mauskopf*
       August 15, 2012  _____